**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Eric J Ringhand** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | **Michele E. Ringhand** |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF WISCONSIN |
| Case number (if known) | **3-18-11918** |

☐ Check if this is an
amended filing

## Official Form 106Sum

### Summary of Your Assets and Liabilities and Certain Statistical Information  12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

**Part 1:    Summarize Your Assets**

**Your assets**
Value of what you own

| | |
|---|---|
| 1.  **Schedule A/B: Property** (Official Form 106A/B) | |
| 1a. Copy line 55, Total real estate, from Schedule A/B...................................................................... | $          198,800.00 |
| 1b. Copy line 62, Total personal property, from Schedule A/B........................................................... | $          223,850.39 |
| 1c. Copy line 63, Total of all property on Schedule A/B..................................................................... | $          422,650.39 |

**Part 2:    Summarize Your Liabilities**

**Your liabilities**
Amount you owe

| | |
|---|---|
| 2.  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D) | |
| 2a. Copy the total you listed in Column A, *Amount of claim,* at the bottom of the last page of Part 1 of *Schedule D...* | $          222,021.70 |
| 3.  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F) | |
| 3a. Copy  the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F*................................ | $          572.00 |
| 3b. Copy  the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F*........................... | $          6,040,233.41 |
| **Your total liabilities** | $          6,262,827.11 |

**Part 3:    Summarize Your Income and Expenses**

| | |
|---|---|
| 4.  *Schedule I: Your Income* (Official Form 106I) | |
| Copy your combined monthly income from line 12 of *Schedule I*.................................................................. | $          6,859.41 |
| 5.  *Schedule J: Your Expenses* (Official Form 106J) | |
| Copy your monthly expenses from line 22c of *Schedule J*......................................................... | $          6,408.15 |

**Part 4:    Answer These Questions for Administrative and Statistical Records**

6.  **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

☑ Yes

7.  **What kind of debt do you have?**

☐ **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

☑ **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. *Check this box* and submit this form to the court with your other schedules.

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

| Debtor 1 | **Eric J Ringhand** |
|---|---|
| Debtor 2 | **Michele E. Ringhand** |

Case number *(if known)* **3-18-11918**

8. **From the *Statement of Your Current Monthly Income*:** Copy your total current monthly income from Official Form 122A-1 Line 11; **OR**, Form 122B Line 11; **OR**, Form 122C-1 Line 14.

$ _____

9. **Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F*:**

| From Part 4 on *Schedule E/F*, copy the following: | Total claim |
|---|---|
| 9a. Domestic support obligations (Copy line 6a.) | $ 0.00 |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $ 572.00 |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $ 0.00 |
| 9d. Student loans. (Copy line 6f.) | $ 0.00 |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $ 0.00 |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | +$ 0.00 |
| 9g. **Total.** Add lines 9a through 9f. | $ 572.00 |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

**Fill in this information to identify your case and this filing:**

| | |
|---|---|
| Debtor 1 | **Eric J Ringhand** |
| | First Name          Middle Name          Last Name |
| Debtor 2 | **Michele E. Ringhand** |
| (Spouse, if filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF WISCONSIN |
| Case number | **3-18-11918** |

☐ Check if this is an amended filing

## Official Form 106A/B
# Schedule A/B: Property
**12/15**

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:** Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

☐ No. Go to Part 2.

■ Yes. Where is the property?

1.1

**16232 W. Butts Corner Rd.**
Street address, if available, or other description

**Evansville        WI        53536-0000**
City        State        ZIP Code

**Rock**
County

**What is the property?** Check all that apply

■ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one

☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

**FMV per 2017 RE Tax Bil**

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$198,800.00** | **$198,800.00** |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

**Fee simple**

■ **Check if this is community property**
(see instructions)

2. **Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here...............................................................=>**

| |
|---|
| **$198,800.00** |

**Part 2:** Describe Your Vehicles

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Debtor 1     **Eric J Ringhand**

Debtor 2     **Michele E. Ringhand**

Case number *(if known)*   **3-18-11918**

3. **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No

■ Yes

| 3.1 | Make: | **Chevrolet** | Who has an interest in the property? Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
|---|---|---|---|---|

3.1  Make: **Chevrolet**
Model: **Equinox**
Year: **2017**
Approximate mileage: **12,476**
Other information:
**FMV per KBB**

Who has an interest in the property? Check one
☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
■ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?   **$26,650.00**
Current value of the portion you own?   **$26,650.00**

---

3.2  Make: **Ford**
Model: **F-150**
Year: **2010**
Approximate mileage: **149,035**
Other information:

Who has an interest in the property? Check one
☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
■ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?   **$10,500.00**
Current value of the portion you own?   **$10,500.00**

---

3.3  Make: **Jeep**
Model: **Liberty**
Year: **2004**
Approximate mileage: **180,978**
Other information:

Who has an interest in the property? Check one
☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
■ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?   **$1,000.00**
Current value of the portion you own?   **$1,000.00**

---

3.4  Make: **Ford**
Model: **F150**
Year: **2018**
Approximate mileage: **123**
Other information:

Who has an interest in the property? Check one
☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
■ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?   **$53,000.00**
Current value of the portion you own?   **$53,000.00**

---

4. **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
   *Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

☐ No

■ Yes

4.1  Make: **Saber**
Model: **Artic Cat**
Year: **2006**
Other information:
**FMV per Debtors needs repairs**

Who has an interest in the property? Check one
☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
■ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?   **$500.00**
Current value of the portion you own?   **$500.00**

---

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

| Debtor 1 | **Eric J Ringhand** | | |
|----------|---------------------|---|---|
| Debtor 2 | **Michele E. Ringhand** | | |
| | | Case number *(if known)* | **3-18-11918** |

5  **Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for
    pages you have attached for Part 2. Write that number here.................................................................=>**

$91,650.00

---

**Part 3:**  Describe Your Personal and  Household Items

| Do you own or have any legal or equitable interest in any of the following items? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

6.  **Household goods and furnishings**
    *Examples:* Major appliances, furniture, linens, china, kitchenware
    ☐ No
    ☒ Yes.  Describe.....

| | Current value |
|---|---|
| Stove | $150.00 |
| Refrigerator | $150.00 |
| Microwave | $50.00 |
| Washing Machine | $95.00 |
| Dryer | $65.00 |
| Sofa - 2 | $350.00 |
| Chair | $100.00 |
| Coffee/End Tables - 2 | $20.00 |
| Bed | $300.00 |
| Kitchen Table and Chairs | $200.00 |
| Lawnmower | $500.00 |

7.  **Electronics**
    *Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices
    including cell phones, cameras, media players, games
    ☐ No
    ☒ Yes.  Describe.....

| | Current value |
|---|---|
| Computer | $100.00 |
| Printer | $25.00 |
| TV | $40.00 |

---

| Debtor 1 | **Eric J Ringhand** | |
|---|---|---|
| Debtor 2 | **Michele E. Ringhand** | |
| | | Case number *(if known)*    **3-18-11918** |

| | |
|---|---|
| **CD/DVDs** | $100.00 |

**8. Collectibles of value**
   *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
   ■ No
   ☐ Yes.  Describe.....

**9. Equipment for sports and hobbies**
   *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
   ☐ No
   ■ Yes.  Describe.....

| | |
|---|---|
| **Misc. Sports Equipment (treadmill)** | $300.00 |

| | |
|---|---|
| **Misc. Household Tools** | $100.00 |

**10. Firearms**
   *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
   ☐ No
   ■ Yes.  Describe.....

| | |
|---|---|
| **Firearms - 2**<br>**.22 caliber handgun $50**<br>**870 shotgun $100** | $150.00 |

**11. Clothes**
   *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
   ☐ No
   ■ Yes.  Describe.....

| | |
|---|---|
| **Clothing** | $600.00 |

**12. Jewelry**
   *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
   ☐ No
   ■ Yes.  Describe.....

| | |
|---|---|
| **Jewelry**<br>**(includes: wedding bands, opal ring, opal necklace, ruby necklace**<br>**and misc. costume jewelry)** | $800.00 |

**13. Non-farm animals**
   *Examples:* Dogs, cats, birds, horses
   ☐ No
   ■ Yes.  Describe.....

| | |
|---|---|
| **Dog - 2** | $0.00 |

**14. Any other personal and household items you did not already list, including any health aids you did not list**
   ■ No
   ☐ Yes.  Give specific information.....

| | |
|---|---|
| Debtor 1 | **Eric J Ringhand** |
| Debtor 2 | **Michele E. Ringhand** |

Case number *(if known)*   **3-18-11918**

15. Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached
    for Part 3. Write that number here ...........................................................................................

$4,195.00

**Part 4:    Describe Your Financial Assets**

| Do you own or have any legal or equitable interest in any of the following? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

16. **Cash**
    *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
    ☐ No
    ■ Yes...........................................................................................................

Cash                $175.00

17. **Deposits of money**
    *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar
    institutions. If you have multiple accounts with the same institution, list each.
    ☐ No
    ■ Yes.......................                              Institution name:

| | | Institution name: | |
|---|---|---|---|
| 17.1. | **Savings** | **Blackhawk Community Credit Union** | $105.03 |
| 17.2. | **Checking** | **Blackhawk Community Credit Union** | $593.02 |
| 17.3. | **Savings** | **Blackhawk Community Credit Union** | $1,563.47 |
| 17.4. | **Checking** | **Blackhawk Community Credit Union** | $5,166.19 |
| 17.5. | **Savings** | **Blackhawk Community Credit Union** | $98.49 |
| 17.6. | **Trust Account** | **Krekeler Strother** | $189.20 |

18. **Bonds, mutual funds, or publicly traded stocks**
    *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
    ■ No
    ☐ Yes..................              Institution or issuer name:

19. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and
    joint venture**
    ■ No
    ☐ Yes.  Give specific information about them...................
                                    Name of entity:                              % of ownership:

20. **Government and corporate bonds and other negotiable and non-negotiable instruments**
    *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
    *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
    ■ No
    ☐ Yes. Give specific information about them
                                    Issuer name:

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Debtor 1    **Eric J Ringhand**
Debtor 2    **Michele E. Ringhand**

Case number *(if known)* **3-18-11918**

---

21. **Retirement or pension accounts**
    *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

    ☐ No
    ■ Yes. List each account separately.

| | Type of account: | Institution name: | |
|---|---|---|---|
| | **401(k)** | **WPS** | $34,912.24 |
| | **401(k)** | **Empower** | $85,202.75 |

22. **Security deposits and prepayments**
    Your share of all unused deposits you have made so that you may continue service or use from a company
    *Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others

    ■ No
    ☐ Yes. .................... Institution name or individual:

23. **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

    ■ No
    ☐ Yes............. Issuer name and description.

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
    26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

    ■ No
    ☐ Yes............. Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**

    ■ No
    ☐ Yes. Give specific information about them...

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
    *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements

    ■ No
    ☐ Yes. Give specific information about them...

27. **Licenses, franchises, and other general intangibles**
    *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

    ■ No
    ☐ Yes. Give specific information about them...

| **Money or property owed to you?** | **Current value of the portion you own?**<br>Do not deduct secured claims or exemptions. |
|---|---|

28. **Tax refunds owed to you**

    ■ No
    ☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

29. **Family support**
    *Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

    ■ No
    ☐ Yes. Give specific information......

30. **Other amounts someone owes you**
    *Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay,  workers' compensation, Social Security
    benefits; unpaid loans you made to someone else

    ■ No
    ☐ Yes.  Give specific information..

---

Official Form 106A/B                       Schedule A/B: Property                                    page 6

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

| Debtor 1 | **Eric J Ringhand** | | |
|---|---|---|---|
| Debtor 2 | **Michele E. Ringhand** | | |
| | | Case number *(if known)* | **3-18-11918** |

**31. Interests in insurance policies**
*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

☐ No
■ Yes. Name the insurance company of each policy and list its value.

| Company name: | Beneficiary: | Surrender or refund value: |
|---|---|---|
| **Term Life Insurance Policy through Trustage** | **Eric Ringhand** | **$0.00** |
| **Term Life Insurance Policy through WPS** | **Eric Ringhand** | **$0.00** |
| **Term Life Insurance Policy through GMFG** | **Eric and Michele Ringhand** | **$0.00** |

**32. Any interest in property that is due you from someone who has died**
If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

■ No
☐ Yes. Give specific information..

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
*Examples:* Accidents, employment disputes, insurance claims, or rights to sue

■ No
☐ Yes. Describe each claim.........

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

■ No
☐ Yes. Describe each claim.........

**35. Any financial assets you did not already list**

■ No
☐ Yes. Give specific information..

**36. Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here.................................................................................................................**

| $128,005.39 |
|---|

| Part 5: | Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1. |
|---|---|

**37. Do you own or have any legal or equitable interest in any business-related property?**

■ No. Go to Part 6.
☐ Yes.  Go to line 38.

| Part 6: | Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In. |
|---|---|
| | If you own or have an interest in farmland, list it in Part 1. |

**46. Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

■ No. Go to Part 7.
☐ Yes.  Go to line 47.

| Part 7: | Describe All Property You Own or Have an Interest in That You Did Not List Above |
|---|---|

| Debtor 1 | **Eric J Ringhand** | |
|---|---|---|
| Debtor 2 | **Michele E. Ringhand** | |
| | | Case number *(if known)* **3-18-11918** |

53. **Do you have other property of any kind you did not already list?**
    *Examples:* Season tickets, country club membership

    ■ No
    ☐ Yes. Give specific information.........

54. **Add the dollar value of all of your entries from Part 7. Write that number here** .................................

| | **$0.00** |
|---|---|

---

| **Part 8:** | **List the Totals of Each Part of this Form** |
|---|---|

55. **Part 1: Total real estate, line 2** ........................................................................................................

| | **$198,800.00** |
|---|---|

56. **Part 2: Total vehicles, line 5** — **$91,650.00**

57. **Part 3: Total personal and household items, line 15** — **$4,195.00**

58. **Part 4: Total financial assets, line 36** — **$128,005.39**

59. **Part 5: Total business-related property, line 45** — **$0.00**

60. **Part 6: Total farm- and fishing-related property, line 52** — **$0.00**

61. **Part 7: Total other property not listed, line 54** + **$0.00**

62. **Total personal property.** Add lines 56 through 61... **$223,850.39**    Copy personal property total ▶ **$223,850.39**

63. **Total of all property on Schedule A/B.** Add line 55 + line 62

| | **$422,650.39** |
|---|---|

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Eric J Ringhand** |
| | First Name / Middle Name / Last Name |
| Debtor 2 | **Michele E. Ringhand** |
| (Spouse if, filing) | First Name / Middle Name / Last Name |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF WISCONSIN |
| Case number | **3-18-11918** |
| (if known) | |

☐ Check if this is an amended filing

## Official Form 106C
## Schedule C: The Property You Claim as Exempt                                     4/16

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.**

**Part 1:    Identify the Property You Claim as Exempt**

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ☑ You are claiming state and federal nonbankruptcy exemptions.   11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions.   11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **16232 W. Butts Corner Rd.**<br>**Evansville, WI 53536  Rock County**<br>**FMV per 2017 RE Tax Bil**<br>Line from *Schedule A/B*: **1.1** | $198,800.00 | ☑                   $43,476.17<br>☐ 100% of fair market value, up to<br>any applicable statutory limit | **Wis. Stat. § 815.20** |
| **2017 Chevrolet Equinox 12,476 miles**<br>**FMV per KBB**<br>Line from *Schedule A/B*: **3.1** | $26,650.00 | ☑                   $4,504.00<br>☐ 100% of fair market value, up to<br>any applicable statutory limit | **Wis. Stat. § 815.18(3)(g)** |
| **2017 Chevrolet Equinox 12,476 miles**<br>**FMV per KBB**<br>Line from *Schedule A/B*: **3.1** | $26,650.00 | ☑                   $4,952.13<br>☐ 100% of fair market value, up to<br>any applicable statutory limit | **Wis. Stat. § 815.18(3)(d)** |
| **2010 Ford F-150 149,035 miles**<br>Line from *Schedule A/B*: **3.2** | $10,500.00 | ☑                   $10,500.00<br>☐ 100% of fair market value, up to<br>any applicable statutory limit | **Wis. Stat. § 815.18(3)(d)** |
| **2004 Jeep Liberty 180,978 miles**<br>Line from *Schedule A/B*: **3.3** | $1,000.00 | ☑                   $1,000.00<br>☐ 100% of fair market value, up to<br>any applicable statutory limit | **Wis. Stat. § 815.18(3)(d)** |

| Debtor 1 | **Eric J Ringhand** | |
|---|---|---|
| Debtor 2 | **Michele E. Ringhand** | |
| | | Case number (if known)  **3-18-11918** |

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **2018 Ford F150 123 miles**<br>Line from *Schedule A/B*: **3.4** | $53,000.00 | ■ $3,496.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **Wis. Stat. § 815.18(3)(g)** |
| **2006 Saber Artic Cat FMV per Debtors needs repairs**<br>Line from *Schedule A/B*: **4.1** | $500.00 | ■ $500.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **Wis. Stat. § 815.18(3)(d)** |
| **Stove**<br>Line from *Schedule A/B*: **6.1** | $150.00 | ■ $150.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **Wis. Stat. § 815.18(3)(d)** |
| **Refrigerator**<br>Line from *Schedule A/B*: **6.2** | $150.00 | ■ $150.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **Wis. Stat. § 815.18(3)(d)** |
| **Microwave**<br>Line from *Schedule A/B*: **6.3** | $50.00 | ■ $50.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **Wis. Stat. § 815.18(3)(d)** |
| **Washing Machine**<br>Line from *Schedule A/B*: **6.4** | $95.00 | ■ $95.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **Wis. Stat. § 815.18(3)(d)** |
| **Dryer**<br>Line from *Schedule A/B*: **6.5** | $65.00 | ■ $65.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **Wis. Stat. § 815.18(3)(d)** |
| **Sofa - 2**<br>Line from *Schedule A/B*: **6.6** | $350.00 | ■ $350.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **Wis. Stat. § 815.18(3)(d)** |
| **Chair**<br>Line from *Schedule A/B*: **6.7** | $100.00 | ■ $100.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **Wis. Stat. § 815.18(3)(d)** |
| **Coffee/End Tables - 2**<br>Line from *Schedule A/B*: **6.8** | $20.00 | ■ $20.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **Wis. Stat. § 815.18(3)(d)** |
| **Bed**<br>Line from *Schedule A/B*: **6.9** | $300.00 | ■ $300.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **Wis. Stat. § 815.18(3)(d)** |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                        Best Case Bankruptcy

| Debtor 1 | **Eric J Ringhand** |
|---|---|
| Debtor 2 | **Michele E. Ringhand** |

Case number (if known) **3-18-11918**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own | Amount of the exemption you claim | Specific laws that allow exemption |
|---|---|---|---|
| | Copy the value from *Schedule A/B* | *Check only one box for each exemption.* | |
| **Kitchen Table and Chairs**<br>Line from *Schedule A/B*: **6.10** | $200.00 | ■ $200.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **Wis. Stat. § 815.18(3)(d)** |
| **Lawnmower**<br>Line from *Schedule A/B*: **6.11** | $500.00 | ■ $500.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **Wis. Stat. § 815.18(3)(d)** |
| **Computer**<br>Line from *Schedule A/B*: **7.1** | $100.00 | ■ $100.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **Wis. Stat. § 815.18(3)(d)** |
| **Printer**<br>Line from *Schedule A/B*: **7.2** | $25.00 | ■ $25.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **Wis. Stat. § 815.18(3)(d)** |
| **TV**<br>Line from *Schedule A/B*: **7.3** | $40.00 | ■ $40.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **Wis. Stat. § 815.18(3)(d)** |
| **CD/DVDs**<br>Line from *Schedule A/B*: **7.4** | $100.00 | ■ $100.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **Wis. Stat. § 815.18(3)(d)** |
| **Misc. Sports Equipment (treadmill)**<br>Line from *Schedule A/B*: **9.1** | $300.00 | ■ $300.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **Wis. Stat. § 815.18(3)(d)** |
| **Misc. Household Tools**<br>Line from *Schedule A/B*: **9.2** | $100.00 | ■ $100.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **Wis. Stat. § 815.18(3)(d)** |
| **Firearms - 2**<br>**.22 caliber handgun $50**<br>**870 shotgun $100**<br>Line from *Schedule A/B*: **10.1** | $150.00 | ■ $150.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **Wis. Stat. § 815.18(3)(d)** |
| **Clothing**<br>Line from *Schedule A/B*: **11.1** | $600.00 | ■ $600.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **Wis. Stat. § 815.18(3)(d)** |
| **Jewelry**<br>**(includes: wedding bands, opal ring, opal necklace, ruby necklace and misc. costume jewelry)**<br>Line from *Schedule A/B*: **12.1** | $800.00 | ■ $800.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **Wis. Stat. § 815.18(3)(d)** |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                                                Best Case Bankruptcy

| Debtor 1 | Eric J Ringhand | | |
|---|---|---|---|
| Debtor 2 | Michele E. Ringhand | | Case number (if known)    **3-18-11918** |

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **Savings: Blackhawk Community Credit Union**<br>Line from *Schedule A/B*: **17.1** | $105.03 | ■ $105.03<br>☐ 100% of fair market value, up to any applicable statutory limit | **Wis. Stat. § 815.18(3)(k)** |
| **Checking: Blackhawk Community Credit Union**<br>Line from *Schedule A/B*: **17.2** | $593.02 | ■ $593.02<br>☐ 100% of fair market value, up to any applicable statutory limit | **Wis. Stat. § 815.18(3)(k)** |
| **Savings: Blackhawk Community Credit Union**<br>Line from *Schedule A/B*: **17.3** | $1,563.47 | ■ $1,563.47<br>☐ 100% of fair market value, up to any applicable statutory limit | **Wis. Stat. § 815.18(3)(k)** |
| **Checking: Blackhawk Community Credit Union**<br>Line from *Schedule A/B*: **17.4** | $5,166.19 | ■ $5,166.19<br>☐ 100% of fair market value, up to any applicable statutory limit | **Wis. Stat. § 815.18(3)(k)** |
| **Savings: Blackhawk Community Credit Union**<br>Line from *Schedule A/B*: **17.5** | $98.49 | ■ $98.49<br>☐ 100% of fair market value, up to any applicable statutory limit | **Wis. Stat. § 815.18(3)(k)** |
| **Trust Account: Krekeler Strother**<br>Line from *Schedule A/B*: **17.6** | $189.20 | ■ $189.20<br>☐ 100% of fair market value, up to any applicable statutory limit | **Wis. Stat. § 815.18(3)(k)** |
| **401(k): WPS**<br>Line from *Schedule A/B*: **21.1** | $34,912.24 | ■ $34,912.24<br>☐ 100% of fair market value, up to any applicable statutory limit | **Wis. Stat. § 815.18(3)(j)** |
| **401(k): Empower**<br>Line from *Schedule A/B*: **21.2** | $85,202.75 | ■ $85,202.75<br>☐ 100% of fair market value, up to any applicable statutory limit | **Wis. Stat. § 815.18(3)(j)** |
| **Term Life Insurance Policy through Trustage**<br>**Beneficiary: Eric Ringhand**<br>Line from *Schedule A/B*: **31.1** | $0.00 | ■ $0.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **Wis. Stat. § 815.18(3)(f)(2)** |
| **Term Life Insurance Policy through WPS**<br>**Beneficiary: Eric Ringhand**<br>Line from *Schedule A/B*: **31.2** | $0.00 | ■ $0.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **Wis. Stat. § 815.18(3)(f)(2)** |
| **Term Life Insurance Policy through GMFG**<br>**Beneficiary: Eric and Michele Ringhand**<br>Line from *Schedule A/B*: **31.3** | $0.00 | ■ $0.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **Wis. Stat. § 815.18(3)(f)(2)** |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

| Debtor 1 | **Eric J Ringhand** | | |
|---|---|---|---|
| Debtor 2 | **Michele E. Ringhand** | Case number (if known) | **3-18-11918** |

3.  **Are you claiming a homestead exemption of more than $160,375?**
    (Subject to adjustment on 4/01/19 and every 3 years after that for cases filed on or after the date of adjustment.)

■  No

☐  Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

    ☐    No

    ☐    Yes

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com            Best Case Bankruptcy

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Eric J Ringhand** |
| | First Name          Middle Name          Last Name |
| Debtor 2 | **Michele E. Ringhand** |
| (Spouse if, filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF WISCONSIN |
| Case number | **3-18-11918** |
| (if known) | |

☐ Check if this is an
    amended filing

## Official Form 106D
# Schedule D: Creditors Who Have Claims Secured by Property
**12/15**

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

**1. Do any creditors have claims secured by your property?**

    ☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

    ■ Yes. Fill in all of the information below.

**Part 1:**    List All Secured Claims

**2. List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | | **Column A**<br>Amount of claim<br>Do not deduct the<br>value of collateral. | **Column B**<br>Value of collateral<br>that supports this<br>claim | **Column C**<br>Unsecured<br>portion<br>If any |
|---|---|---|---|---|

| 2.1 | **Blackhawk Community Credit Union** | **$99,247.05** | **$198,800.00** | **$0.00** |
|---|---|---|---|---|

Creditor's Name

Describe the property that secures the claim:

**16232 W. Butts Corner Rd.
Evansville, WI 53536**

**PO Box 5366
Janesville, WI 53547-5366**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a
    community debt

**Nature of lien.** Check all that apply.

■ An agreement you made (such as mortgage or secured
    car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset)    **First Mortgage**

**Date debt was incurred**   11/16/2010     **Last 4 digits of account number**   1021

| 2.2 | **Blackhawk Community Credit Union** | **$56,076.78** | **$198,800.00** | **$0.00** |
|---|---|---|---|---|

Creditor's Name

Describe the property that secures the claim:

**16232 W. Butts Corner Rd.
Evansville, WI 53536**

**PO Box 5366
Janesville, WI 53547-5366**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a
    community debt

**Nature of lien.** Check all that apply.

■ An agreement you made (such as mortgage or secured
    car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset)    **Second Mortgage**

| | | | |
|---|---|---|---|
| Debtor 1 | **Eric J Ringhand** | Case number (*if know*) | **3-18-11918** |
| | First Name          Middle Name          Last Name | | |
| Debtor 2 | **Michele E. Ringhand** | | |
| | First Name          Middle Name          Last Name | | |

---

| Date debt was incurred | **10/5/07** | Last 4 digits of account number | **c90u** | | | |
|---|---|---|---|---|---|---|

---

| 2.3 | **Ford Credit** | Describe the property that secures the claim: | **$49,504.00** | **$53,000.00** | **$0.00** |
|---|---|---|---|---|---|

Creditor's Name

**2018 Ford F150**

**P.O. Box 790093**
**St. Louis, MO 63719-0093**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

**Nature of lien.** Check all that apply.

☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a
   community debt

■ An agreement you made (such as mortgage or secured
   car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

---

| Date debt was incurred | **4/24/18** | Last 4 digits of account number | **Unknown** | | | |
|---|---|---|---|---|---|---|

---

| 2.4 | **GM Financial** | Describe the property that secures the claim: | **$17,193.87** | **$26,650.00** | **$0.00** |
|---|---|---|---|---|---|

Creditor's Name

**2017 Chevrolet Equinox**

**PO Box 1510**
**Cockeysville, MD 21030**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

**Nature of lien.** Check all that apply.

☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a
   community debt

■ An agreement you made (such as mortgage or secured
   car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

---

| Date debt was incurred | **Unknown** | Last 4 digits of account number | **5089** | | | |
|---|---|---|---|---|---|---|

---

| Add the dollar value of your entries in Column A on this page. Write that number here: | **$222,021.70** |
|---|---|
| If this is the last page of your form, add the dollar value totals from all pages. Write that number here: | **$222,021.70** |

| **Part 2:** | **List Others to Be Notified for a Debt That You Already Listed** |
|---|---|

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

---

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com



**1908010**

# MORTGAGE

DOCUMENT NUMBER

RANDAL LEYES
REGISTER OF DEEDS
ROCK COUNTY, WI
RECORDED ON
11/24/2010   11:05:58AM

NAME & RETURN ADDRESS
**BLACKHAWK COMMUNITY CREDIT UNION**

**PO BOX 1366, JANESVILLE  WI
53547-1366**

REC FEE:    30.00
EXEMPT #:
EXCLUSION CODE:
PAGES: 15

PARCEL IDENTIFIER NUMBER
**040-01200101**

_570101206_ ——————— [Space Above This Line For Recording Data] ———————

DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in
Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are
also provided in Section 16.

**(A) "Security Instrument"** means this document, which is dated **November 16th, 2010**
together with all Riders to this document.
**(B) "Borrower"** is
**ERIC J RINGHAND and MICHELE E RINGHAND Husband & Wife**

Borrower is the mortgagor under this Security Instrument.
**(C) "Lender"** is **BLACKHAWK COMMUNITY CREDIT UNION**
**2640 W. COURT STREET, JANESVILLE  WI    53548**
Lender is a **CREDIT UNION**
organized and existing under the laws of **the State of WISCONSIN**

**144871021**

**WISCONSIN**-Single Family-Fannie Mae/Freddie Mac **UNIFORM INSTRUMENT**          Form 3050  1/01

Wolters Kluwer Financial Services
VMP®-6(WI) (0505).01
Page 1 of 15                        Initials:_____

UNOFFICIAL COPY

Lender's address is **2640 W. COURT STREET,
JANESVILLE WI 53548-1366**
Lender is the mortgagee under this Security Instrument.
**(D) "Note"** means the promissory note signed by Borrower and dated **November 16th, 2010**
The Note states that Borrower owes Lender
**One Hundred Sixteen Thousand and 00/100** Dollars
(U.S. $$ **116,000.00** ) plus interest. Borrower has promised to pay this debt in regular Periodic
Payments and to pay the debt in full not later than **December 1st, 2040** .
**(E) "Property"** means the property that is described below under the heading "Transfer of Rights in the
Property."
**(F) "Loan"** means the debt evidenced by the Note, plus interest, any prepayment charges and late charges
due under the Note, and all sums due under this Security Instrument, plus interest.
**(G) "Riders"** means all Riders to this Security Instrument that are executed by Borrower. The following
Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| ☐ Adjustable Rate Rider | ☐ Condominium Rider | ☐ Second Home Rider |
| ☐ Balloon Rider | ☐ Planned Unit Development Rider | ☐ 1-4 Family Rider |
| ☐ VA Rider | ☐ Biweekly Payment Rider | ☐ Other(s) [specify] |

**(H) "Applicable Law"** means all controlling applicable federal, state and local statutes, regulations,
ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final,
non-appealable judicial opinions.
**(I) "Community Association Dues, Fees, and Assessments"** means all dues, fees, assessments and other
charges that are imposed on Borrower or the Property by a condominium association, homeowners
association or similar organization.
**(J) "Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by
check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic
instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit
or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller
machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse
transfers.
**(K) "Escrow Items"** means those items that are described in Section 3.
**(L) "Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid
by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i)
damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the
Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the
value and/or condition of the Property.
**(M) "Mortgage Insurance"** means insurance protecting Lender against the nonpayment of, or default on,
the Loan.
**(N) "Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the
Note, plus (ii) any amounts under Section 3 of this Security Instrument.
**(O) "RESPA"** means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its
implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to
time, or any additional or successor legislation or regulation that governs the same subject matter. As used
in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard
to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage
loan" under RESPA.

**144871021**

**(P) "Successor in Interest of Borrower"** means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to Lender, with power of sale, the following described property located in the
**COUNTY**                                      of Rock                                           :
             [Type of Recording Jurisdiction]                        [Name of Recording Jurisdiction]
LOT 1 OF A CERTIFIED SURVEY MAP RECORDED JULY 22, 1994 IN VOL. 17, PAGE
321 OF CERTIFIED SURVEY MAPS AS DOCUMENT NO. 1239086 BEING PART OF THE SE
1/4 OF THE SW 1/4 OF SECTION 9, T.4N., R10E., TOWN OF UNION, COUNTY OF
ROCK, STATE OF WISCONSIN.
THIS IS HOMESTEAD PROPERTY

which currently has the address of **16232 butts corner rd**
                                                                                                  [Street]
**evansville**                                           [City], Wisconsin **53536**         [Zip Code]
("Property Address"):

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this
**144871021**

Initials:_____

VMP®-6(WI) (0505).01                        Page 3 of 15                        Form 3050  1/01

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____        _____ (Seal)
                                        ERIC J RINGHAND                 -Borrower


_____        _____ (Seal)
                                        MICHELE E RINGHAND              -Borrower


_____ (Seal)        _____ (Seal)
                    -Borrower                               -Borrower


_____ (Seal)        _____ (Seal)
                    -Borrower                               -Borrower


_____ (Seal)        _____ (Seal)
                    -Borrower                               -Borrower

144871021

VMP®-6(WI) (0505).01                    Page 14 of 15                    Form 3050   1/01

UNOFFICIAL COPY

**STATE OF WISCONSIN,** Rock                                    **County ss:**

The foregoing instrument was acknowledged before me this **November 16th, 2010**
by **ERIC J RINGHAND    MICHELE E RINGHAND**


My Commission Expires: 5|27|12



Notary Public, State of Wisconsin ~~Tamara Kolovitz~~
Melissa A. Little

This instrument was prepared by
**LESLIE M. HASS**

**BLACKHAWK COMMUNITY CREDIT UNION**


144871021

VMP®-6(WI) (0505).01                    Page 15 of 15                    Initials:_____                    Form 3050   1/01

*18098 76*
1809876

# REVOLVING CREDIT MORTGAGE

WHEN RECORDED, MAIL TO:

Blackhawk Community Credit Union
P O Box 1366
Janesville, WI  53547-1366

RANDAL LEYES
REGISTER OF DEEDS
ROCK COUNTY, WI
RECORDED ON
10/12/2007   11:54:06AM

REC FEE:    21.00
EXEMPT #:
EXCLUSION CODE:
PAGES:  6

PARCEL ID NUMBER: 6-20-69.1

SPACE ABOVE THIS LINE FOR RECORDER'S USE

THIS MORTGAGE CONTAINS A DUE-ON-SALE PROVISION AND SECURES INDEBTEDNESS UNDER A CREDIT AGREEMENT WHICH PROVIDES FOR A REVOLVING LINE OF CREDIT AND MAY CONTAIN A VARIABLE RATE OF INTEREST.

THIS MORTGAGE is made on October 5, 2007 , between the Mortgagor, ERIC J RINGHAND AND MICHELE E RINGHAND, HUSBAND AND WIFE, AS SURVIVORSHIP MARITAL PROPERTY.

(herein "Borrower"), and the Mortgagee, Blackhawk Community Credit Union , a corporation organized and existing under the laws of Wisconsin , whose address is 2640 West Court Street  Janesville, WI  53547-1366 (herein "Lender").

WHEREAS, Borrower is indebted to Lender as described in this paragraph;
TO SECURE to Lender:
(1)  The repayment of all indebtedness due and to become due under the terms and conditions of the LOANLINER Home Equity Plan Credit Agreement and Truth-in-Lending Disclosures made by Borrower and dated the same day as this Mortgage, and all modifications, amendments, extensions and renewals thereof (herein "Credit Agreement"). Lender has agreed to make advances to Borrower under the terms of the Credit Agreement, which advances will be of a revolving nature and may be made, repaid, and remade from time to time. Borrower and Lender contemplate a series of advances to be secured by this Mortgage. The total outstanding principal balance owing at any one time under the Credit Agreement (not including finance charges thereon at a rate which may vary from time to time, and any other charges which may be owing from time to time under the Credit Agreement) shall not exceed _____ Seventy-Three Thousand  and 00/100 ($73,000.00 ). That sum is referred to herein as the Maximum Principal Balance and referred to in the Credit Agreement as the Line of Credit Limit. The entire indebtedness under the Credit Agreement, if not sooner paid, is due and payable  25  years from the date of this Mortgage.
(2)  The payment of all other sums advanced in accordance herewith to protect the security of this Mortgage, with finance charges thereon at a rate which may vary as described in the Credit Agreement.
(3)  The performance of the covenants and agreements of Borrower herein contained;
BORROWER does hereby mortgage, grant and convey to Lender the following described property located in the County of Rock , State of Wisconsin:

LOT ONE (1) OF A CERTIFIED SURVEY MAP RECORDED IN THE OFFICE OF THE REGISTER OF DEEDS FOR ROCK COUNTY, WISCONSIN ON JULY 22, 1994 IN VOLUME 17, PAGE 321 OF CERTIFIED SURVEY MAPS AS DOCUMENT NO 1239086 BEING PART OF THE SE 1/4 OF THE SW1/4 OF SECTION 9, T4N-R10E, TOWN OF UNION, ROCK COUNTY, WISCONSIN.

which has the address of  16232 W Butts Corner Rd
(Street)
Evansville , Wisconsin 53536  (herein "Property Address");
(City)                                                              (Zip Code)

© CUNA MUTUAL INSURANCE SOCIETY, 1991, 99, ALL RIGHTS RESERVED                          EWI976 (LASER) 27860

This property is ☒ is not ☐ the homestead of Mortgagor.

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and fixtures, all of which shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with said property (or the leasehold estate if this Mortgage is on a leasehold) are hereinafter referred to as the "Property."

Complete if applicable:
This Property is part of a condominium project known as _____
_____.
This Property includes Borrower's unit and all Borrower's rights in the common elements of the condominium project.
This Property is in a Planned Unit Development known as _____.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

Borrower and Lender covenant and agree as follows:

1.  **Payment of Principal, Finance Charges and Other Charges.** Borrower shall promptly pay when due all amounts borrowed under the Credit Agreement, all finance charges and applicable other charges as provided in the Credit Agreement.

2.  **Funds for Taxes and Insurance.** Subject to applicable law, Lender, at Lender's option, may require Borrower to pay to Lender on the day monthly payments of principal and finance charges are payable under the Credit Agreement, until all sums secured by this Mortgage are paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Mortgage, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance and flood insurance, if applicable, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional Lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Mortgage that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Mortgage.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Mortgage, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 22 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Mortgage.

3.  **Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Credit Agreement and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, second, (in the order Lender chooses) to any finance charges, other charges and collection costs owing, and third, to the principal balance under the Credit Agreement.

4.  **Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage, including Borrower's covenants to make payments when due. Except to the extent that any such charges or impositions are to be made to Lender under paragraph 2, Borrower shall pay or cause to be paid all taxes,

assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Mortgage, and leasehold payments or ground rents, if any. Within five days after any demand by Lender, Borrower shall exhibit to Lender receipts showing that all amounts due under this paragraph have been paid when due.

**5. Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," floods and such other hazards as Lender may require and in such amounts and for such periods as Lender may require. Unless Lender in writing requires otherwise, the policy shall provide insurance on a replacement cost basis in an amount not less than that necessary to comply with any coinsurance percentage stipulated in the hazard insurance policy, and the amount of coverage shall be no less than the Maximum Principal Balance plus the full amount of any lien which has priority over this Mortgage.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. All insurance proceeds are hereby assigned to Lender and shall be paid to Lender to the extent of all sums secured by this Mortgage, subject to the terms of any mortgage, deed of trust or security agreement with a lien which has priority over this Mortgage. Unless Lender and Borrower otherwise agree in writing, insurance proceeds shall be applied to restore or repair the Property, if it is economically feasible to do so.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Mortgage.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Mortgage is on a leasehold. If this Mortgage is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and the constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Mortgage, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, after giving notice to Borrower and opportunity to perform as required by applicable law, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. Any amounts disbursed by Lender pursuant to this paragraph 7, with finance charges thereon, at the rate provided in the Credit Agreement, shall become additional indebtedness of Borrower secured by this Mortgage. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder. Any action taken by Lender under this paragraph shall not cure any breach Borrower may have committed of any covenant or agreement under this Mortgage. Borrower agrees that Lender is subrogated to all of the rights and remedies of any prior lienor, to the extent of any payment by Lender to such lienor.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, to the extent of any indebtedness under the Credit Agreement, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

**10. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Mortgage granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Mortgage by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

**11. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 21 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Mortgage, but does not execute the Credit

Agreement, (a) is co-signing this Mortgage only to mortgage, grant and convey that Borrower's interest in the Property to Lender under the terms of this Mortgage, (b) is not personally liable under the Credit Agreement or under this Mortgage, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations or amendments with regard to the terms of this Mortgage or the Credit Agreement, without that Borrower's consent and without releasing that Borrower or modifying this Mortgage as to that Borrower's interest in the Property.

**12. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Mortgage shall be given by delivering it or by mailing such notice to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Mortgage shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**13. Governing Law; Severability.** The state and local laws applicable to this Mortgage shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of Federal law to this Mortgage. In the event that any provision or clause of this Mortgage or the Credit Agreement conflicts with applicable law, such conflict shall not affect other provisions of this Mortgage or the Credit Agreement which can be given effect without the conflicting provision, and to this end the provisions of this Mortgage and the Credit Agreement are declared to be severable. As used herein, "costs," "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

**14. Prior Mortgage or Deed of Trust; Modification; Future Advance.** Borrower shall not enter into any agreement with the holder of any mortgage, deed of trust or other security agreement which has priority over this Mortgage by which that security agreement is modified, amended, extended, or renewed, without the prior written consent of the Lender. Borrower shall neither request nor accept any future advance under a prior mortgage, deed of trust, or other security agreement without the prior written consent of Lender.

**15. Borrower's Copy.** Borrower shall be furnished a copy of the Credit Agreement and a conformed copy of this Mortgage at the time of execution or after recordation hereof.

**16. Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower may enter into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

**17. Merger.** There shall be no merger of the interest or estate created by this Mortgage with any other interest or estate in the Property at any time held by or for the benefit of Lender in any capacity, without the written consent of Lender.

**18. Notice of Transfer of the Property; Advances after Transfer.** Borrower shall give notice to Lender, as provided in paragraph 12 hereof, prior to any sale or transfer of all or part of the Property or any rights in the Property. Any person to whom all or part of the Property or any right in the Property is sold or transferred also shall be obligated to give notice to Lender, as provided in paragraph 12 hereof, promptly after such transfer.

Even if Borrower transfers the Property, Borrower will continue to be obligated under the Credit Agreement and this Mortgage unless Lender releases Borrower in writing. As a condition to Lender's consent to any proposed transfer or as a condition to the release of Borrower, Lender may require that the person to whom the Property is transferred sign an assumption agreement satisfactory to Lender and Lender may impose an assumption fee. The assumption agreement will not entitle the person signing it to receive advances under the Credit Agreement.

**19. Transfer of the Property.** Subject to applicable law, Lender shall have the right to accelerate, that is, to demand immediate payment in full of all sums secured by this Mortgage or Deed of Trust, if Borrower, without the written consent of Lender, sells or transfers all or part of the Property or any rights in the Property.

If Lender exercises the option to accelerate, Lender shall give Borrower notice of acceleration in accordance with paragraph 12 hereof. The notice shall provide a period of not less than 30 days from the date of the notice within which Borrower may pay the sums declared due. If Borrower fails to pay those sums prior to the expiration of such period, Lender may, without further notice or demand on Borrower, invoke any remedies permitted by paragraph 20 hereof.

**20. Default; Termination and Acceleration; Remedies. Each of the following events shall constitute an event of default ("event of default") under this Mortgage: (1) Borrower fails to meet the repayment terms of the Credit Agreement on two occasions within any twelve month period; or (2) Borrower's failure to observe the terms of this Plan materially impairs the condition, value or protection of, or Lender's rights in, the property secured by this Mortgage. If any Event of Default occurs, then prior to exercising any right or remedy provided for in this Mortgage and prior to acceleration, Lender shall mail notice to Borrower of Borrower's right to cure the default as required by law. If the event of default is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Mortgage to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 20, including, but not limited to, reasonable attorneys' fees to the extent permitted by the Wisconsin Statutes.**

EW1976 (LASER) 27860

If Lender invokes the power of sale, Lender shall give notice of sale in the manner prescribed by applicable law to Borrower and to the other persons prescribed by applicable law. Lender shall publish the notice of sale and the Property shall be sold in the manner prescribed by applicable law. Lender or Lender's designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable attorneys' fees to the extent permitted by the Wisconsin Statutes and costs of title evidence; (b) to all sums secured by this Mortgage; and (c) the excess, if any, to the clerk of the Circuit Court of the County in which the sale is held.

21. **Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Mortgage due to Borrower's default, Borrower shall have the right to have any proceedings begun by Lender to enforce this Mortgage discontinued at any time prior to the earlier to occur of (i) the fifth day before the sale of the Property pursuant to the power of sale contained in this Mortgage or (ii) entry of a judgment enforcing this Mortgage if: (a) Borrower pays Lender all sums which would be then due under this Mortgage and the Note had no acceleration occurred; (b) Borrower cures all events of default; (c) Borrower pays all reasonable expenses incurred by Lender in enforcing the covenants and agreements of Borrower contained in this Mortgage, and in enforcing Lender's remedies as provided in paragraph 20 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Mortgage, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Mortgage shall continue unimpaired. Upon such payment and cure by Borrower, this Mortgage and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

22. **Release.** Upon payment of all sums secured by this Mortgage, Lender shall release this Mortgage without charge to Borrower. Borrower shall pay all costs of recordation, if any, unless applicable law provides otherwise.

23. **Accelerated Redemption Periods.** If (i) the Property is twenty (20) acres or less in size, (ii) Lender in an action to foreclose this Mortgage waives all right to a judgment for deficiency and (iii) Lender consents to Borrower's remaining in possession of the Property, then the sale of the Property may be six (6) months from the date the judgment is entered if the Property is owner-occupied at the time of the commencement of the foreclosure action. If conditions (ii) and (iii) above are met and the Property is not owner-occupied at the time of the commencement of the foreclosure action, then the sale of the Property may be three (3) months from the date the judgment is entered. In any event, if the Property has been abandoned, then the sale of the Property may be two (2) months from the date the judgment is entered.

<u>REQUEST FOR NOTICE OF DEFAULT AND FORECLOSURE</u>
## UNDER SUPERIOR MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Mortgage to give Notice to Lender, at Lender's address set forth on page one of this Mortgage, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS WHEREOF, Borrower has executed this Mortgage.

| NOTICE TO CUSTOMER |
|---|
| (a) **DO NOT SIGN THIS BEFORE YOU READ THE WRITING ON THE REVERSE SIDE, EVEN IF OTHERWISE ADVISED.**<br>(b) **DO NOT SIGN IF IT CONTAINS ANY BLANK SPACES.**<br>(c) **YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN.**<br>(d) **YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE DUE UNDER THIS AGREEMENT AND YOU MAY BE ENTITLED TO A PARTIAL REFUND OF THE FINANCE CHARGE.** |

**X** Michele E Ringhand                (Seal)            **X** J R C                (Seal)

MICHELE E RINGHAND                              ERIC J RINGHAND
_____Borrower_____          _____Borrower_____

**X** _____(Seal)            **X** _____(Seal)

_____Borrower_____          _____Borrower_____

STATE OF Wisconsin                    , Rock                    County ss:

The foregoing instrument was acknowledged before me this October 5, 2007                    by
(date)

MICHELE E RINGHAND                    and    ERIC J RINGHAND                    ,
(person acknowledging)

(person acknowledging)

My Commission expires: 08/28/2011            Holly R Baumel
                                            Notary Public, State of Wisconsin

                                            Holly R. Baumel
                                            Name

This instrument was prepared by Holly Baumel

[Notary seal: HOLLY R. BAUMEL / NOTARY PUBLIC / STATE OF WISCONSIN]

EWI976 (LASER) 27860

 

State of Wisconsin
Department of Transportation

# Lien Holder Results

VIN: 2GNFLFEK0H6246345

Year: 2017

Make: CHEVROLET

Paper title delivered to the lien holder.

GM FINANCIAL OF WISCONSIN

Lien Holder: GM FINANCIAL OF WISCONSIN
Address: PO BOX 1510
COCKEYSVILLE MD 21030-7510
Date Listed: 03/31/2017

Back    Exit

Version A

 

State of Wisconsin
Department of Transportation

# Lien Holder Results

VIN: 1FTEW1EP3JKC78347

Year: 2018

Make: FORD

Paper title delivered to the lien holder.

---

FORD MOTOR CREDIT COMPANY

Lien Holder: FORD MOTOR CREDIT COMPANY

Address: PO BOX 105704
ATLANTA GA 30348

Date Listed: 04/26/2018

---

[ Back ]    [ Exit ]

Version A

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Eric J Ringhand** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | **Michele E. Ringhand** |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF WISCONSIN |
| Case number | **3-18-11918** |
| (if known) | |

☐ Check if this is an amended filing

## Official Form 106E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                 12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim.  Also list executory contracts on Schedule A/B: Property (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. If you have no information to report in a Part, do not file that Part. On the top of any additional pages, write your name and case number (if known).

**Part 1:**    **List All of Your PRIORITY Unsecured Claims**

1.  **Do any creditors have priority unsecured claims against you?**

☐ No. Go to Part 2.

☐ Yes.

2.  **List all of your priority unsecured claims.** If a creditor has more than one priority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. If a claim has both priority and nonpriority amounts, list that claim here and show both priority and nonpriority amounts. As much as possible, list the claims in alphabetical order according to the creditor's name. If you have more than two priority unsecured claims, fill out the Continuation Page of Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.

(For an explanation of each type of claim, see the instructions for this form in the instruction booklet.)

| | | | Total claim | Priority amount | Nonpriority amount |
|---|---|---|---|---|---|
| 2.1 | **Internal Revenue Service** | Last 4 digits of account number **Unknown** | $572.00 | $572.00 | $0.00 |
| | Priority Creditor's Name | | | | |
| | **Bankruptcy Notices** | When was the debt incurred? **2017** | | | |
| | **P.O. Box 7396** | | | | |
| | **Philadelphia, PA 19101-7396** | | | | |
| | Number Street City State Zip Code | **As of the date you file, the claim is:** Check all that apply | | | |
| | **Who incurred the debt?** Check one. | ☐ Contingent | | | |
| | ☐ Debtor 1 only | ☐ Unliquidated | | | |
| | ☐ Debtor 2 only | ☐ Disputed | | | |
| | ☑ Debtor 1 and Debtor 2 only | **Type of PRIORITY unsecured claim:** | | | |
| | ☐ At least one of the debtors and another | ☐ Domestic support obligations | | | |
| | ☑ Check if this claim is for a community debt | ☑ Taxes and certain other debts you owe the government | | | |
| | **Is the claim subject to offset?** | ☐ Claims for death or personal injury while you were intoxicated | | | |
| | ☑ No | ☐ Other. Specify | | | |
| | ☐ Yes | **Delinquent Taxes** | | | |

**Part 2:**    **List All of Your NONPRIORITY Unsecured Claims**

3.  **Do any creditors have nonpriority unsecured claims against you?**

☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.

☑ Yes.

4.  **List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim.** If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

Total claim

Debtor 1  **Eric J Ringhand**

Debtor 2  **Michele E. Ringhand**

Case number (if know)  **3-18-11918**

---

**4.1**

| **Bank of America** | Last 4 digits of account number **9882** | **$3,825.81** |

Nonpriority Creditor's Name

**Billing Inquiries**
**PO Box 982235**
**El Paso, TX 79998-2235**

Number Street City State Zip Code

**Who incurred the debt? Check one.**

☐ Debtor 1 only

☐ Debtor 2 only

■ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

■ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

**When was the debt incurred?** _____

**As of the date you file, the claim is:** Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify   **Credit card purchases**

---

**4.2**

| **Blackhawk Community Credit Union** | Last 4 digits of account number **7L01** | **$15,620.31** |

Nonpriority Creditor's Name

**PO Box 5366**
**Janesville, WI 53547-5366**

Number Street City State Zip Code

**Who incurred the debt? Check one.**

☐ Debtor 1 only

☐ Debtor 2 only

■ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

■ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

**When was the debt incurred?** _____

**As of the date you file, the claim is:** Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify   **Unsecured signature loan**

---

**4.3**

| **Blackhawk Community Credit Union** | Last 4 digits of account number **7L07** | **$4,495.50** |

Nonpriority Creditor's Name

**PO Box 5366**
**Janesville, WI 53547-5366**

Number Street City State Zip Code

**Who incurred the debt? Check one.**

☐ Debtor 1 only

☐ Debtor 2 only

■ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

■ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

**When was the debt incurred?** _____

**As of the date you file, the claim is:** Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify   **Credit card purchases**

---

Debtor 1    **Eric J Ringhand**

Debtor 2    **Michele E. Ringhand**

Case number (if know)    **3-18-11918**

---

| 4.4 | **Gander Mtn** | Last 4 digits of account number | **0088** | | **$12,667.49** |
|---|---|---|---|---|---|

Nonpriority Creditor's Name

**Comenity Bank Bankruptcy Dept.**
**PO Box 182125**
**Columbus, OH 43218-2125**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only

☐ Debtor 2 only

■ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

■ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

**When was the debt incurred?**

**As of the date you file, the claim is:** Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify    **Credit card purchases**

---

| 4.5 | **Slate for Chase** | Last 4 digits of account number | **9498** | | **$3,624.30** |
|---|---|---|---|---|---|

Nonpriority Creditor's Name

**Cardmember Services**
**P.O. Box 15123**
**Wilmington, DE 19850**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only

☐ Debtor 2 only

■ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

■ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

**When was the debt incurred?**

**As of the date you file, the claim is:** Check all that apply

☐ Contingent

☐ Unliquidated

■ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify    **Credit card purchases**

---

| 4.6 | **Steven Skoien** | Last 4 digits of account number | **0249** | | **$6,000,000.00** |
|---|---|---|---|---|---|

Nonpriority Creditor's Name

**17 Sinclair St**
**Janesville, WI 53545**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

■ At least one of the debtors and another

■ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

**When was the debt incurred?**

**As of the date you file, the claim is:** Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify    **Rock County Case Number 2018CV000249**
**Steven Skoien vs. Dakota Ringhand et al**
**(amount listed based upon demand make**
**by Mr. Skoien's counsel)**

---

| **Part 3:** | List Others to Be Notified About a Debt That You Already Listed |
|---|---|

---

| Debtor 1 | **Eric J Ringhand** | | |
|---|---|---|---|
| Debtor 2 | **Michele E. Ringhand** | Case number (if know) | **3-18-11918** |

5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.

## Part 4:    Add the Amounts for Each Type of Unsecured Claim

6. Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. §159. Add the amounts for each type of unsecured claim.

| | | | | Total Claim |
|---|---|---|---|---|
| **Total claims from Part 1** | 6a. | **Domestic support obligations** | 6a. | $ 0.00 |
| | 6b. | **Taxes and certain other debts you owe the government** | 6b. | $ 572.00 |
| | 6c. | **Claims for death or personal injury while you were intoxicated** | 6c. | $ 0.00 |
| | 6d. | **Other.** Add all other priority unsecured claims. Write that amount here. | 6d. | $ 0.00 |
| | 6e. | **Total Priority.** Add lines 6a through 6d. | 6e. | $ 572.00 |

| | | | | Total Claim |
|---|---|---|---|---|
| **Total claims from Part 2** | 6f. | **Student loans** | 6f. | $ 0.00 |
| | 6g. | **Obligations arising out of a separation agreement or divorce that you did not report as priority claims** | 6g. | $ 0.00 |
| | 6h. | **Debts to pension or profit-sharing plans, and other similar debts** | 6h. | $ 0.00 |
| | 6i. | **Other.** Add all other nonpriority unsecured claims. Write that amount here. | 6i. | $ 6,040,233.41 |
| | 6j. | **Total Nonpriority.** Add lines 6f through 6i. | 6j. | $ 6,040,233.41 |

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Eric J Ringhand** |
| | First Name            Middle Name            Last Name |
| Debtor 2 | **Michele E. Ringhand** |
| (Spouse if, filing) | First Name            Middle Name            Last Name |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF WISCONSIN |
| Case number (if known) | **3-18-11918** |

☐ Check if this is an
amended filing

Official Form 106G
## Schedule G: Executory Contracts and Unexpired Leases                    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).

1.   **Do you have any executory contracts or unexpired leases?**
    ☐ No. Check this box and file this form with the court with your other schedules.  You have nothing else to report on this form.
    ■ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B:Property* (Official Form 106 A/B).

2.   **List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone).** See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

| Person or company with whom you have the contract or lease Name, Number, Street, City, State and ZIP Code | State what the contract or lease is for |
|---|---|
| 2.1   **Dish Network**<br>**Dept 0063**<br>**Palatine, IL 60055** | **Satellite dish contract - Debtors shall assume** |
| 2.2   **US Cellular**<br>**ATTN:  Write Off Department**<br>**P.O. Box 7835**<br>**Madison, WI 53707-7835** | **Cell phone contract - Debtors shall assume** |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Eric J Ringhand** |
| | First Name                Middle Name                Last Name |
| Debtor 2 | **Michele E. Ringhand** |
| (Spouse if, filing) | First Name                Middle Name                Last Name |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF WISCONSIN |
| Case number | **3-18-11918** |
| (if known) | |

☐ Check if this is an
amended filing

## Official Form 106H
## Schedule H: Your Codebtors

**12/15**

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

1. **Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)

☐ No
■ Yes

2. **Within the last 8 years, have you lived in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

☐ No. Go to line 3.
■ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?

   ☐ No
   ■ Yes.

   In which community state or territory did you live?  __**Wisconsin**__ . Fill in the name and current address of that person.

   **Michele E. Ringhand**
   **16232 W Butts Corners Rd**
   **Evansville, WI 53536**
   Name of your spouse, former spouse, or legal equivalent
   Number, Street, City, State & Zip Code

3. **In Column 1, list all of your codebtors. Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on Schedule D (Official Form 106D), Schedule E/F (Official Form 106E/F), or Schedule G (Official Form 106G). Use Schedule D, Schedule E/F, or Schedule G to fill out Column 2.**

| *Column 1:* **Your codebtor** <br> Name, Number, Street, City, State and ZIP Code | *Column 2:* **The creditor to whom you owe the debt** <br> Check all schedules that apply: |
|---|---|
| 3.1   **Dakota Ringhand** <br> **16232 W Butts Corners Rd** <br> **Evansville, WI 53536** | ☐ Schedule D, line _____ <br> ■ Schedule E/F, line __**4.6**__ <br> ☐ Schedule G _____ <br> **Steven Skoien** |

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Eric J Ringhand** |
| Debtor 2 (Spouse, if filing) | **Michele E. Ringhand** |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF WISCONSIN |
| Case number (If known) | **3-18-11918** |

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD/ YYYY

## Official Form 106I

## Schedule I: Your Income                                                              12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| **Employment status** | ☐ Employed<br>☑ Not employed | ☑ Employed<br>☐ Not employed |
| **Occupation** | | **Intake** |
| **Employer's name** | | **Wisconsin Physicians Service** |
| **Employer's address** | | **1717 W. Broadway**<br>**Madison, WI 53713** |
| **How long employed there?** | | **33 years** |

### Part 2:    Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. $ 0.00 | $ 4,166.93 |
| 3. | **Estimate and list monthly overtime pay.** | 3. +$ 0.00 | +$ 0.00 |
| 4. | **Calculate gross income.** Add line 2 + line 3. | 4. $ 0.00 | $ 4,166.93 |

Debtor 1 **Eric J Ringhand**
Debtor 2 **Michele E. Ringhand**

Case number (*if known*)   **3-18-11918**

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| **Copy line 4 here** | | 4. | $ 0.00 | $ 4,166.93 |
| 5. **List all payroll deductions:** | | | | |
| 5a. **Tax, Medicare, and Social Security deductions** | | 5a. | $ 0.00 | $ 801.28 |
| 5b. **Mandatory contributions for retirement plans** | | 5b. | $ 0.00 | $ 0.00 |
| 5c. **Voluntary contributions for retirement plans** | | 5c. | $ 0.00 | $ 250.01 |
| 5d. **Required repayments of retirement fund loans** | | 5d. | $ 0.00 | $ 0.00 |
| 5e. **Insurance** | | 5e. | $ 0.00 | $ 172.73 |
| 5f. **Domestic support obligations** | | 5f. | $ 0.00 | $ 0.00 |
| 5g. **Union dues** | | 5g. | $ 0.00 | $ 32.50 |
| 5h. **Other deductions.** Specify: | | 5h.+ | $ 0.00 + | $ 0.00 |
| 6. **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h. | | 6. | $ 0.00 | $ 1,256.52 |
| 7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | | 7. | $ 0.00 | $ 2,910.41 |
| 8. **List all other income regularly received:** | | | | |
| 8a. **Net income from rental property and from operating a business, profession, or farm** Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | | 8a. | $ 0.00 | $ 0.00 |
| 8b. **Interest and dividends** | | 8b. | $ 0.00 | $ 0.00 |
| 8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive** Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | | 8c. | $ 0.00 | $ 0.00 |
| 8d. **Unemployment compensation** | | 8d. | $ 0.00 | $ 0.00 |
| 8e. **Social Security** | | 8e. | $ 2,168.00 | $ 0.00 |
| 8f. **Other government assistance that you regularly receive** Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: | | 8f. | $ 0.00 | $ 0.00 |
| 8g. **Pension or retirement income** | | 8g. | $ 0.00 | $ 0.00 |
| 8h. **Other monthly income.** Specify: **Disability Benefit-net** | | 8h.+ | $ 1,781.00 + | $ 0.00 |
| 9. **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h. | | 9. | $ 3,949.00 | $ 0.00 |
| 10. **Calculate monthly income.** Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | | 10. | $ 3,949.00 + $ 2,910.41 | = $ 6,859.41 |

11. **State all other regular contributions to the expenses that you list in *Schedule J.***
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*
Specify:

11. +$ 0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data*, if it applies

12. $ 6,859.41

**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**
■ No.
☐ Yes. Explain:

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Eric J Ringhand** |
| Debtor 2 (Spouse, if filing) | **Michele E. Ringhand** |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF WISCONSIN |
| Case number (If known) | **3-18-11918** |

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

Official Form 106J

# Schedule J: Your Expenses

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:    Describe Your Household

1.  **Is this a joint case?**

    ☐ No. Go to line 2.

    ■ Yes. **Does Debtor 2 live in a separate household?**

        ■ No

        ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2.  **Do you have dependents?**    ☐ No

    Do not list Debtor 1 and Debtor 2.

    Do not state the dependents names.

    ■ Yes. Fill out this information for each dependent..............

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| **Son** | **18** | ☐ No ■ Yes |
| | | ☐ No ☐ Yes |
| | | ☐ No ☐ Yes |
| | | ☐ No ☐ Yes |

3.  **Do your expenses include expenses of people other than yourself and your dependents?**    ■ No    ☐ Yes

## Part 2:    Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

| | | | Your expenses |
|---|---|---|---|
| 4. | The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot. | 4. $ | 587.75 |
| | If not included in line 4: | | |
| 4a. | Real estate taxes | 4a. $ | 310.39 |
| 4b. | Property, homeowner's, or renter's insurance | 4b. $ | 72.58 |
| 4c. | Home maintenance, repair, and upkeep expenses | 4c. $ | 75.00 |
| 4d. | Homeowner's association or condominium dues | 4d. $ | 0.00 |
| 5. | Additional mortgage payments for your residence, such as home equity loans | 5. $ | 457.36 |

| Debtor 1 | **Eric J Ringhand** | | |
|---|---|---|---|
| Debtor 2 | **Michele E. Ringhand** | Case number (if known) | **3-18-11918** |

| | | | | |
|---|---|---|---|---|
| 6. | **Utilities:** | | | |
| | 6a. | Electricity, heat, natural gas | 6a. $ | **243.00** |
| | 6b. | Water, sewer, garbage collection | 6b. $ | **0.00** |
| | 6c. | Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | **414.89** |
| | 6d. | Other. Specify: | 6d. $ | **0.00** |
| 7. | **Food and housekeeping supplies** | | 7. $ | **875.00** |
| 8. | **Childcare and children's education costs** | | 8. $ | **0.00** |
| 9. | **Clothing, laundry, and dry cleaning** | | 9. $ | **120.00** |
| 10. | **Personal care products and services** | | 10. $ | **150.00** |
| 11. | **Medical and dental expenses** | | 11. $ | **300.00** |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | | 12. $ | **250.00** |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | | 13. $ | **550.00** |
| 14. | **Charitable contributions and religious donations** | | 14. $ | **0.00** |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | | |
| | 15a. | Life insurance | 15a. $ | **0.00** |
| | 15b. | Health insurance | 15b. $ | **0.00** |
| | 15c. | Vehicle insurance | 15c. $ | **372.00** |
| | 15d. | Other insurance. Specify: | 15d. $ | **0.00** |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: **Past Due Federal** | | 16. $ | **200.00** |
| 17. | **Installment or lease payments:** | | | |
| | 17a. | Car payments for Vehicle 1 | 17a. $ | **332.72** |
| | 17b. | Car payments for Vehicle 2 | 17b. $ | **852.46** |
| | 17c. | Other. Specify: | 17c. $ | **0.00** |
| | 17d. | Other. Specify: | 17d. $ | **0.00** |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | | 18. $ | **0.00** |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | | 19. $ | **0.00** |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.*** | | | |
| | 20a. | Mortgages on other property | 20a. $ | **0.00** |
| | 20b. | Real estate taxes | 20b. $ | **0.00** |
| | 20c. | Property, homeowner's, or renter's insurance | 20c. $ | **0.00** |
| | 20d. | Maintenance, repair, and upkeep expenses | 20d. $ | **0.00** |
| | 20e. | Homeowner's association or condominium dues | 20e. $ | **0.00** |
| 21. | **Other:** Specify: **Tobacco Expense** | | 21. +$ | **160.00** |
| | **Pet Expenses** | | +$ | **85.00** |

| | | | | |
|---|---|---|---|---|
| 22. | **Calculate your monthly expenses** | | | |
| | 22a. Add lines 4 through 21. | | $ | **6,408.15** |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | | $ | |
| | 22c. Add line 22a and 22b. The result is your monthly expenses. | | $ | **6,408.15** |

| | | | | |
|---|---|---|---|---|
| 23. | **Calculate your monthly net income.** | | | |
| | 23a. Copy line 12 *(your combined monthly income)* from Schedule I. | | 23a. $ | **6,859.41** |
| | 23b. Copy your monthly expenses from line 22c above. | | 23b. -$ | **6,408.15** |
| | 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* | | 23c. $ | **451.26** |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

■ No.

☐ Yes.    Explain here:

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Eric J Ringhand** |
| | First Name            Middle Name            Last Name |
| Debtor 2 | **Michele E. Ringhand** |
| (Spouse if, filing) | First Name            Middle Name            Last Name |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF WISCONSIN |
| Case number | **3-18-11918** |
| (if known) | |

☐ Check if this is an
   amended filing

Official Form 106Dec

# Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

**You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Sign Below

**Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?**

■ No

☐ Yes.  Name of person _____    Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119)

**Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.**

| X **/s/ Eric J Ringhand** | X **/s/ Michele E. Ringhand** |
|---|---|
| Eric J Ringhand | Michele E. Ringhand |
| Signature of Debtor 1 | Signature of Debtor 2 |
| | |
| Date  **June 18, 2018** | Date  **June 18, 2018** |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Eric J Ringhand** |
| | First Name        Middle Name        Last Name |
| Debtor 2 | **Michele E. Ringhand** |
| (Spouse if, filing) | First Name        Middle Name        Last Name |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF WISCONSIN |
| Case number | **3-18-11918** |
| (if known) | |

☐ Check if this is an
   amended filing

# Official Form 107
## Statement of Financial Affairs for Individuals Filing for Bankruptcy

4/16

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information.  If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:  Give Details About Your Marital Status and Where You Lived Before

1.  **What is your current marital status?**

   ■ Married
   ☐ Not married

2.  **During the last 3 years, have you lived anywhere other than where you live now?**

   ■ No
   ☐ Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

| Debtor 1 Prior Address: | Dates Debtor 1 lived there | Debtor 2 Prior Address: | Dates Debtor 2 lived there |
|---|---|---|---|
| | | | |

3.  **Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington and Wisconsin.)

   ☐ No
   ■ Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

### Part 2    Explain the Sources of Your Income

4.  **Did you have any income from employment or from operating a business during this year or the two previous calendar years?**
   Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.
   If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

   ☐ No
   ■ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | Sources of income Check all that apply. | Gross income (before deductions and exclusions) | Sources of income Check all that apply. | Gross income (before deductions and exclusions) |
| From January 1 of current year until the date you filed for bankruptcy: | ☐ Wages, commissions, bonuses, tips | $0.00 | ■ Wages, commissions, bonuses, tips | $22,219.71 |
| | ☐ Operating a business | | ☐ Operating a business | |

| Debtor 1 | **Eric J Ringhand** | |
|---|---|---|
| Debtor 2 | **Michele E. Ringhand** | |
| | | Case number *(if known)* **3-18-11918** |

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income** Check all that apply. | **Gross income** (before deductions and exclusions) | **Sources of income** Check all that apply. | **Gross income** (before deductions and exclusions) |
| **For last calendar year:** (January 1 to December 31, 2017 ) | ☐ Wages, commissions, bonuses, tips | $0.00 | ■ Wages, commissions, bonuses, tips | $51,734.00 |
| | ☐ Operating a business | | ☐ Operating a business | |
| **For the calendar year before that:** (January 1 to December 31, 2016 ) | ■ Wages, commissions, bonuses, tips | $11,286.00 | ■ Wages, commissions, bonuses, tips | $47,786.00 |
| | ☐ Operating a business | | ☐ Operating a business | |

**5.   Did you receive any other income during this year or the two previous calendar years?**

Include income regardless of whether that income is taxable. Examples of *other income* are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

List each source and the gross income from each source separately. Do not include income that you listed in line 4.

☐   No
■   Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income** Describe below. | **Gross income from each source** (before deductions and exclusions) | **Sources of income** Describe below. | **Gross income** (before deductions and exclusions) |
| **From January 1 of current year until the date you filed for bankruptcy:** | Social Security | $13,008.00 | | |
| | Disability Insurance | $10,686.00 | | |
| | Sale of Stocks | $5,702.28 | | |
| **For last calendar year:** (January 1 to December 31, 2017 ) | Social Security | $25,512.00 | | |
| | Pension/annuity distribution | $3,123.00 | | |
| **For the calendar year before that:** (January 1 to December 31, 2016 ) | Social Security | $36,023.00 | | |

**Part 3:**   **List Certain Payments You Made Before You Filed for Bankruptcy**

**6.   Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**

■   No.   **Neither Debtor 1 nor Debtor 2 has primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $6,425* or more?

■   No.   Go to line 7.

☐   Yes   List below each creditor to whom you paid a total of $6,425* or more in one or more payments and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

\* Subject to adjustment on 4/01/19 and every 3 years after that for cases filed on or after the date of adjustment.

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

| Debtor 1 | **Eric J Ringhand** | | |
|---|---|---|---|
| Debtor 2 | **Michele E. Ringhand** | Case number *(if known)* | **3-18-11918** |

☐ Yes. **Debtor 1 or Debtor 2 or both have primarily consumer debts.**

During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

☐ No.    Go to line 7.

☐ Yes    List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

| Creditor's Name and Address | Dates of payment | Total amount | Amount you still owe | Was this payment for ... |
|---|---|---|---|---|
| | | | | |

7.  **Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?**

*Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and alimony.

■ No

☐ Yes. List all payments to an insider.

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
|---|---|---|---|---|
| | | | | |

8.  **Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?**

Include payments on debts guaranteed or cosigned by an insider.

☐ No

■ Yes. List all payments to an insider

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment Include creditor's name |
|---|---|---|---|---|
| **Daughter** | **Paid $344 a month from 6/1/2017 - 2/1/2018** | **$2,752.00** | **Unknown** | **Loan in Daughter's name through Blackhawk Credit Union** |

| Part 4: | Identify Legal Actions, Repossessions, and Foreclosures |
|---|---|

9.  **Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?**

List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

☐ No

■ Yes. Fill in the details.

| Case title Case number | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|
| **Steven Skoien vs. Dakota Ringhand et al 2018CV000249** | **Personal Injury** | **Rock County Circuit Court 2nd Floor 51 South Main Street Janesville, WI 53545** | ■ Pending<br>☐ On appeal<br>☐ Concluded |

10. **Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?**

Check all that apply and fill in the details below.

■ No. Go to line 11.

☐ Yes. Fill in the information below.

| Creditor Name and Address | Describe the Property<br><br>Explain what happened | Date | Value of the property |
|---|---|---|---|
| | | | |

| Debtor 1 | **Eric J Ringhand** | | |
|---|---|---|---|
| Debtor 2 | **Michele E. Ringhand** | Case number *(if known)* | **3-18-11918** |

11. **Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?**

■ No
☐ Yes. Fill in the details.

| Creditor Name and Address | Describe the action the creditor took | Date action was taken | Amount |
|---|---|---|---|

12. **Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?**

■ No
☐ Yes

### Part 5:    List Certain Gifts and Contributions

13. **Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?**

■ No
☐ Yes. Fill in the details for each gift.

| Gifts with a total value of more than $600 per person

Person to Whom You Gave the Gift and Address: | Describe the gifts | Dates you gave the gifts | Value |
|---|---|---|---|

14. **Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?**

■ No
☐ Yes. Fill in the details for each gift or contribution.

| Gifts or contributions to charities that  total more than $600
Charity's Name
Address (Number, Street, City, State and ZIP Code) | Describe what you contributed | Dates you contributed | Value |
|---|---|---|---|

### Part 6:    List Certain Losses

15. **Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?**

■ No
☐ Yes.  Fill in the details.

| Describe the property you lost and how the loss occurred | Describe any insurance coverage for the loss

Include the amount that insurance has paid. List pending insurance claims on line 33 of *Schedule A/B: Property.* | Date of your loss | Value of property lost |
|---|---|---|---|

### Part 7:    List Certain Payments or Transfers

16. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?**
Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

☐ No
■ Yes. Fill in the details.

| Person Who Was Paid
Address
Email or website address
Person Who Made the Payment, if Not You | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| **MoneySharp Credit Counseling Inc.**
**1916 N Fairfield Avenue**
**Suite 200**
**Chicago, IL 60647** | | **4/17/18** | **$25.00** |

Debtor 1    **Eric J Ringhand**
Debtor 2    **Michele E. Ringhand**

Case number *(if known)*    **3-18-11918**

| Person Who Was Paid<br>Address<br>Email or website address<br>Person Who Made the Payment, if Not You | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| **Krekeler Strother, S.C.**<br>**2901 West Beltline Highway**<br>**Suite 301**<br>**Madison, WI 53713**<br>**jschank@ks-lawfirm.com** | **Attorney Fees and filing fee of $335** | **11/13/2017 -**<br>**6/4/2018** | **$3,060.80** |

17. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?**
Do not include any payment or transfer that you listed on line 16.

■ No
☐ Yes. Fill in the details.

| Person Who Was Paid<br>Address | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|

18. **Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?**
Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement.

☐ No
☐ Yes. Fill in the details.

| Person Who Received Transfer<br>Address<br><br>Person's relationship to you | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|
| **Junk Yard**<br><br>**None** | **1997 Dodge Truck** | **Sold for scrap price of $150.00** | **3/2018** |
| **Evansville Ford**<br>**428 Union St**<br>**Evansville, WI 53536** | **2015 Ford Escape traded in on purchase of new vehicle.** | **Credit towards purchase of 2018 Ford F150** | **4/24/18** |

19. **Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary?** (These are often called *asset-protection devices*.)

■ No
☐ Yes. Fill in the details.

| Name of trust | Description and value of the property transferred | Date Transfer was made |
|---|---|---|

**Part 8:**    List of Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units

20. **Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?**
Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

■ No
☐ Yes. Fill in the details.

| Name of Financial Institution and Address (Number, Street, City, State and ZIP Code) | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

Debtor 1    **Eric J Ringhand**

Debtor 2    **Michele E. Ringhand**                                        Case number *(if known)*    **3-18-11918**

21.  **Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?**

■ **No**
☐ **Yes.** Fill in the details.

| Name of Financial Institution<br>**Address** (Number, Street, City, State and ZIP Code) | Who else had access to it?<br>**Address** (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|
| | | | |

22.  **Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?**

■ **No**
☐ **Yes.** Fill in the details.

| Name of Storage Facility<br>**Address** (Number, Street, City, State and ZIP Code) | Who else has or had access to it?<br>**Address** (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|
| | | | |

**Part 9:**    Identify Property You Hold or Control for Someone Else

23.  **Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.**

■ **No**
☐ **Yes.** Fill in the details.

| Owner's Name<br>**Address** (Number, Street, City, State and ZIP Code) | Where is the property?<br>(Number, Street, City, State and ZIP Code) | Describe the property | Value |
|---|---|---|---|
| | | | |

**Part 10:**    Give Details About Environmental Information

For the purpose of Part 10, the following definitions apply:

■  *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.

■  *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.

■  *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.

Report all notices, releases, and proceedings that you know about, regardless of when they occurred.

24.  **Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?**

■ **No**
☐ **Yes.** Fill in the details.

| Name of site<br>**Address** (Number, Street, City, State and ZIP Code) | Governmental unit<br>**Address** (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|
| | | | |

25.  **Have you notified any governmental unit of any release of hazardous material?**

■ **No**
☐ **Yes.** Fill in the details.

| Name of site<br>**Address** (Number, Street, City, State and ZIP Code) | Governmental unit<br>**Address** (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|
| | | | |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

| Debtor 1 | **Eric J Ringhand** | | |
|---|---|---|---|
| Debtor 2 | **Michele E. Ringhand** | Case number *(if known)* | **3-18-11918** |

26. **Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

■ **No**
☐ **Yes. Fill in the details.**

| Case Title<br>Case Number | Court or agency<br>Name<br>Address (Number, Street, City,<br>State and ZIP Code) | Nature of the case | Status of the<br>case |
|---|---|---|---|
| | | | |

**Part 11:** Give Details About Your Business or Connections to Any Business

27. **Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?**

☐ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time

☐ A member of a limited liability company (LLC) or limited liability partnership (LLP)

☐ A partner in a partnership

☐ An officer, director, or managing executive of a corporation

☐ An owner of at least 5% of the voting or equity securities of a corporation

■ **No. None of the above applies.  Go to Part 12.**

☐ **Yes. Check all that apply above and fill in the details below for each business.**

| Business Name<br>Address<br>(Number, Street, City, State and ZIP Code) | Describe the nature of the business<br><br>Name of accountant or bookkeeper | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
|---|---|---|
| | | |

28. **Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.**

■ **No**
☐ **Yes. Fill in the details below.**

| Name<br>Address<br>(Number, Street, City, State and ZIP Code) | Date Issued |
|---|---|
| | |

Debtor 1    **Eric J Ringhand**

Debtor 2    **Michele E. Ringhand**

Case number *(if known)*    **3-18-11918**

---

**Part 12:**   Sign Below

**I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.**

| /s/ Eric J Ringhand | /s/ Michele E. Ringhand |
|---|---|
| **Eric J Ringhand** | **Michele E. Ringhand** |
| **Signature of Debtor 1** | **Signature of Debtor 2** |
| Date   **June 18, 2018** | Date   **June 18, 2018** |

**Did you attach additional pages to *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* (Official Form 107)?**

■ No

☐ Yes

**Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?**

■ No

☐ Yes. Name of Person _____. Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

---

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                   Best Case Bankruptcy

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Eric J Ringhand** |
| | First Name ____ Middle Name ____ Last Name |
| Debtor 2 | **Michele E. Ringhand** |
| (Spouse if, filing) | First Name ____ Middle Name ____ Last Name |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF WISCONSIN |
| Case number (if known) | **3-18-11918** |

☐ Check if this is an
amended filing

## Official Form 108
## Statement of Intention for Individuals Filing Under Chapter 7    12/15

If you are an individual filing under chapter 7, you must fill out this form if:
■ creditors have claims secured by your property, or
■ you have leased personal property and the lease has not expired.
You must file this form with the court within 30 days after you file your bankruptcy petition or by the date set for the meeting of creditors, whichever is earlier, unless the court extends the time for cause. You must also send copies to the creditors and lessors you list on the form

If two married people are filing together in a joint case, both are equally responsible for supplying correct information. Both debtors must sign and date the form.

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known).

**Part 1:    List Your Creditors Who Have Secured Claims**

1. **For any creditors that you listed in Part 1 of Schedule D: Creditors Who Have Claims Secured by Property (Official Form 106D), fill in the information below.**

| Identify the creditor and the property that is collateral | What do you intend to do with the property that secures a debt? | Did you claim the property as exempt on Schedule C? |
|---|---|---|
| Creditor's name: **Blackhawk Community Credit Union** <br><br> Description of property securing debt: **16232 W. Butts Corner Rd. Evansville, WI 53536** | ☐ Surrender the property. <br> ☐ Retain the property and redeem it. <br><br> ■ Retain the property and enter into a *Reaffirmation Agreement.* <br> ☐ Retain the property and [explain]: _____ | ☐ No <br><br> ■ Yes |
| Creditor's name: **Blackhawk Community Credit Union** <br><br> Description of property securing debt: **16232 W. Butts Corner Rd. Evansville, WI 53536** | ☐ Surrender the property. <br> ☐ Retain the property and redeem it. <br><br> ■ Retain the property and enter into a *Reaffirmation Agreement.* <br> ☐ Retain the property and [explain]: _____ | ☐ No <br><br> ■ Yes |
| Creditor's name: **Ford Credit** <br><br> Description of **2018 Ford F150** | ☐ Surrender the property. <br> ☐ Retain the property and redeem it. <br> ■ Retain the property and enter into a *Reaffirmation Agreement.* | ☐ No <br><br> ■ Yes |

Official Form 108                **Statement of Intention for Individuals Filing Under Chapter 7**                page 1

| Debtor 1 | **Eric J Ringhand** | | |
|---|---|---|---|
| Debtor 2 | **Michele E. Ringhand** | Case number *(if known)* | **3-18-11918** |

| property securing debt: | ☐ Retain the property and [explain]: _____ |
|---|---|

| Creditor's name: | **GM Financial** | ☐ Surrender the property. | ☐ No |
|---|---|---|---|
| | | ☐ Retain the property and redeem it. | |
| Description of property securing debt: | **2017 Chevrolet Equinox** | ■ Retain the property and enter into a *Reaffirmation Agreement*. | ■ Yes |
| | | ☐ Retain the property and [explain]: _____ | |

| Part 2: | List Your Unexpired Personal Property Leases |
|---|---|

For any unexpired personal property lease that you listed in Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G), fill in the information below. Do not list real estate leases. Unexpired leases are leases that are still in effect; the lease period has not yet ended. You may assume an unexpired personal property lease if the trustee does not assume it. 11 U.S.C. § 365(p)(2).

| Describe your unexpired personal property leases | | Will the lease be assumed? |
|---|---|---|
| Lessor's name: | **Dish Network** | ☐ No |
| | | ■ Yes |
| Description of leased Property: | **Satellite dish contract - Debtors shall assume** | |
| Lessor's name: | **US Cellular** | ☐ No |
| | | ■ Yes |
| Description of leased Property: | **Cell phone contract - Debtors shall assume** | |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

| Debtor 1 | **Eric J Ringhand** | | |
|---|---|---|---|
| Debtor 2 | **Michele E. Ringhand** | Case number *(if known)* | **3-18-11918** |

**Part 3:    Sign Below**

**Under penalty of perjury, I declare that I have indicated my intention about any property of my estate that secures a debt and any personal property that is subject to an unexpired lease.**

X **/s/ Eric J Ringhand**                          X **/s/ Michele E. Ringhand**
  **Eric J Ringhand**                                **Michele E. Ringhand**
  Signature of Debtor 1                              Signature of Debtor 2

  Date    **June 18, 2018**              Date    **June 18, 2018**

Official Form 108          **Statement of Intention for Individuals Filing Under Chapter 7**          page 3

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

# Notice Required by 11 U.S.C. § 342(b) for
# Individuals Filing for Bankruptcy (Form 2010)

**This notice is for you if:**

    **You are an individual filing for bankruptcy,** and

    **Your debts are primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

**The types of bankruptcy that are available to individuals**

Individuals who meet the qualifications may file under one of four different chapters of Bankruptcy Code:

    Chapter 7 - Liquidation

    Chapter 11 - Reorganization

    Chapter 12 - Voluntary repayment plan for family farmers or fishermen

    Chapter 13 - Voluntary repayment plan for individuals with regular income

**You should have an attorney review your decision to file for bankruptcy and the choice of chapter.**

| Chapter 7: | Liquidation |
|---|---|
| $245 | filing fee |
| $75 | administrative fee |
| + $15 | trustee surcharge |
| $335 | total fee |

Chapter 7 is for individuals who have financial difficulty preventing them from paying their debts and who are willing to allow their nonexempt property to be used to pay their creditors. The primary purpose of filing under chapter 7 is to have your debts discharged. The bankruptcy discharge relieves you after bankruptcy from having to pay many of your pre-bankruptcy debts. Exceptions exist for particular debts, and liens on property may still be enforced after discharge. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

However, if the court finds that you have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge.

You should know that even if you file chapter 7 and you receive a discharge, some debts are not discharged under the law. Therefore, you may still be responsible to pay:

    most taxes;

    most student loans;

    domestic support and property settlement obligations;

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com  Best Case Bankruptcy

most fines, penalties, forfeitures, and criminal restitution obligations; and

certain debts that are not listed in your bankruptcy papers.

You may also be required to pay debts arising from:

fraud or theft;

fraud or defalcation while acting in breach of fiduciary capacity;

intentional injuries that you inflicted; and

death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.

If your debts are primarily consumer debts, the court can dismiss your chapter 7 case if it finds that you have enough income to repay creditors a certain amount. You must file *Chapter 7 Statement of Your Current Monthly Income* (Official Form 122A–1) if you are an individual filing for bankruptcy under chapter 7. This form will determine your current monthly income and compare whether your income is more than the median income that applies in your state.

If your income is not above the median for your state, you will not have to complete the other chapter 7 form, the *Chapter 7 Means Test Calculation* (Official Form 122A–2).

If your income is above the median for your state, you must file a second form —the *Chapter 7 Means Test Calculation* (Official Form 122A–2). The calculations on the form— sometimes called the *Means Test*—deduct from your income living expenses and payments on certain debts to determine any amount available to pay unsecured creditors. If

your income is more than the median income for your state of residence and family size, depending on the results of the *Means Test*, the U.S. trustee, bankruptcy administrator, or creditors can file a motion to dismiss your case under § 707(b) of the Bankruptcy Code. If a motion is filed, the court will decide if your case should be dismissed. To avoid dismissal, you may choose to proceed under another chapter of the Bankruptcy Code.

If you are an individual filing for chapter 7 bankruptcy, the trustee may sell your property to pay your debts, subject to your right to exempt the property or a portion of the proceeds from the sale of the property. The property, and the proceeds from property that your bankruptcy trustee sells or liquidates that you are entitled to, is called *exempt property*. Exemptions may enable you to keep your home, a car, clothing, and household items or to receive some of the proceeds if the property is sold.

Exemptions are not automatic. To exempt property, you must list it on *Schedule C: The Property You Claim as Exempt* (Official Form 106C). If you do not list the property, the trustee may sell it and pay all of the proceeds to your creditors.

## Chapter 11: Reorganization

| | | |
|---|---:|---|
| | $1,167 | filing fee |
| + | $550 | administrative fee |
| | $1,717 | total fee |

Chapter 11 is often used for reorganizing a business, but is also available to individuals. The provisions of chapter 11 are too complicated to summarize briefly.

**Read These Important Warnings**

Because bankruptcy can have serious long-term financial and legal consequences, including loss of your property, you should hire an attorney and carefully consider all of your options before you file. Only an attorney can give you legal advice about what can happen as a result of filing for bankruptcy and what your options are. If you do file for bankruptcy, an attorney can help you fill out the forms properly and protect you, your family, your home, and your possessions.

Although the law allows you to represent yourself in bankruptcy court, you should understand that many people find it difficult to represent themselves successfully. The rules are technical, and a mistake or inaction may harm you. If you file without an attorney, you are still responsible for knowing and following all of the legal requirements.

You should not file for bankruptcy if you are not eligible to file or if you do not intend to file the necessary documents.

Bankruptcy fraud is a serious crime; you could be fined and imprisoned if you commit fraud in your bankruptcy case. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Chapter 12: Repayment plan for family farmers or fishermen

|   | $200 | filing fee |
|---|------|------------|
| + | $75  | administrative fee |
|   | $275 | total fee |

Similar to chapter 13, chapter 12 permits family farmers and fishermen to repay their debts over a period of time using future earnings and to discharge some debts that are not paid.

### Chapter 13: Repayment plan for individuals with regular income

|   | $235 | filing fee |
|---|------|------------|
| + | $75  | administrative fee |
|   | $310 | total fee |

Chapter 13 is for individuals who have regular income and would like to pay all or part of their debts in installments over a period of time and to discharge some debts that are not paid. You are eligible for chapter 13 only if your debts are not more than certain dollar amounts set forth in 11 U.S.C. § 109.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, usually using your future earnings. If the court approves your plan, the court will allow you to repay your debts, as adjusted by the plan, within 3 years or 5 years, depending on your income and other factors.

After you make all the payments under your plan, many of your debts are discharged. The debts that are not discharged and that you may still be responsible to pay include:

domestic support obligations,

most student loans,

certain taxes,

debts for fraud or theft,

debts for fraud or defalcation while acting in a fiduciary capacity,

most criminal fines and restitution obligations,

certain debts that are not listed in your bankruptcy papers,

certain debts for acts that caused death or personal injury, and

certain long-term secured debts.

### Warning: File Your Forms on Time

Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information about your creditors, assets, liabilities, income, expenses and general financial condition. The court may dismiss your bankruptcy case if you do not file this information within the deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

For more information about the documents and their deadlines, go to:
http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

**Bankruptcy crimes have serious consequences**

If you knowingly and fraudulently conceal assets or make a false oath or statement under penalty of perjury—either orally or in writing—in connection with a bankruptcy case, you may be fined, imprisoned, or both.

All information you supply in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the U.S. Trustee, the Office of the U.S. Attorney, and other offices and employees of the U.S. Department of Justice.

**Make sure the court has your mailing address**

The bankruptcy court sends notices to the mailing address you list on *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101). To ensure that you receive information about your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.

A married couple may file a bankruptcy case together—called a *joint case.* If you file a joint case and each spouse lists the same mailing address on the bankruptcy petition, the bankruptcy court generally will mail you and your spouse one copy of each notice, unless you file a statement with the court asking that each spouse receive separate copies.

**Understand which services you could receive from credit counseling agencies**

The law generally requires that you receive a credit counseling briefing from an approved credit counseling agency. 11 U.S.C. § 109(h). If you are filing a joint case, both spouses must receive the briefing. With limited exceptions, you must receive it within the 180 days ***before*** you file your bankruptcy petition. This briefing is usually conducted by telephone or on the Internet.

In addition, after filing a bankruptcy case, you generally must complete a financial management instructional course before you can receive a discharge. If you are filing a joint case, both spouses must complete the course.

You can obtain the list of agencies approved to provide both the briefing and the instructional course from: http://justice.gov/ust/eo/hapcpa/ccde/cc_approved.html .

In Alabama and North Carolina, go to: http://www.uscourts.gov/FederalCourts/Bankruptcy/BankruptcyResources/ApprovedCredit AndDebtCounselors.aspx.

If you do not have access to a computer, the clerk of the bankruptcy court may be able to help you obtain the list.

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Western District of Wisconsin

In re | **Eric J Ringhand** | Case No. | **3-18-11918**
**Michele E. Ringhand**

Debtor(s) | Chapter | **7**

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.    Pursuant to 11 U.S.C. §329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered on behalf of the debtor)s) in contemplation of or in connection with the bankruptcy case is as follows:

For legal services I have agreed to accept:          $372.00/hr. for J. David Krekeler
$260.00/hr. for Kristin J Sederholm

Prior to the filing of this statement I have received:     $2,725.80 plus $335 filing fee

Balance Due:          $372.00/hr. for J. David Krekeler
$260.00/hr. for Kristin J Sederholm

2.    The source of the compensation paid to me was:     X  Debtor          ____ Other:

3.    The source of compensation to be paid to me is:     X  Debtor          ____ Other

4.     X  I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.
__ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5.    In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
a.    Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
b.    Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
c.    Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
d.    Other provisions needed.

6.    By agreement with the debtor(s), the above-disclosed fee does not include the following services:

## CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Date:     June 5, 2018          Filed electronically:          /s/ *Kristin J Sederholm*
Kristin J Sederholm
State Bar No. 1001895
Krekeler  Strother, S.C.

# United States Bankruptcy Court
## Western District of Wisconsin

In re    **Eric J Ringhand**
        **Michele E. Ringhand**

Debtor(s)

Case No.    **3-18-11918**

Chapter    **7**

# VERIFICATION OF CREDITOR MATRIX

The above-named Debtors hereby verify that the attached list of creditors is true and correct to the best of their knowledge.

Date:    **June 18, 2018**

**/s/ Eric J Ringhand**
**Eric J Ringhand**
Signature of Debtor

Date:    **June 18, 2018**

**/s/ Michele E. Ringhand**
**Michele E. Ringhand**
Signature of Debtor